# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> BRANDON CORDELL BENNETT, <br><br> Defendant. | CR-17-68-GF-BMM <br><br> **ORDER** |

The Court issued an order on April 10, 2019, that denied Defendant Brandon Cordell Bennett's Motion to Suppress (Doc. 141), that denied as moot Bennett's Motion for a Bill of Particulars (Doc. 145), and that denied Bennett's Motion for Pretrial Judgment of Acquittal, characterized as a Motion to Dismiss Count I of the Indictment (Doc. 168). (Doc. 183.)

The Government moved to amend the Court's April 10, 2019, order on April 11, 2019. (Doc. 188.) The Government sought to omit the following paragraph of the Court's order:

> Detective Price's failure to disclose Bennett's acquittal on a similar charge that dealt with the same complaining witness manipulated the inferences that Judge Pinski could draw because Detective Price reported "less than the total story." *Stanert*, 762 F.2d at 781. This conclusion proves especially true in light of Detective Price having disclosed facts related to Bennett's acquittal. Detective Price's noticeable silence on Bennett's previous acquittal on a

1

> similar charge proves "as troubling as it is unjustifiable." *Meling*, 47 F.3d at 1554. Bennett has satisfied the first *Franks* hearing prong. Upon review of Bennett's allegations, the Court determines that Bennett has established that one fact had been omitted with the intent to mislead—Bennett's acquittal of Felony Incest in state court on August 10, 2016.

(Doc. 183 at 17-18.) The Government alternatively sought to have the Court amend the paragraph. (Doc. 189 at 4.) The Government drafted a proposed alternative paragraph to replace the paragraph at issue. *Id.* at 4-5. The Government contends that the paragraph in the April 10, 2019, order was not supported by the record and could have "far-reaching impacts on Detective Price's ability to investigate and testify in future proceedings." (Doc. 189 at 2, 4.)

The Court informed the parties at Bennett's sentencing hearing on April 11, 2019, that it would review a draft copy of the April 8, 2019, motion hearing transcript before deciding whether to amend the Court's April 10, 2019, order. (Doc. 190.) Bennett filed a response to the Government's motion on April 12, 2019. (Doc. 195.) Bennett does not oppose the Court modifying its April 10, 2019, order. *Id.* at 1. Bennett does oppose the Government's proposed alternative paragraph. *Id.* To that end, Bennett proposed his own modification to the paragraph at issue. *Id.* at 2.

The Court has reviewed a draft copy of the April 8, 2019, motions hearing transcript. The Court elects not to omit the paragraph at issue. The Court instead has amended its April 10, 2019, order to better highlight that Detective Price relied

2

on the advice of the Cascade County Attorney's Office when he failed to disclose in his affidavit that Bennett had been acquitted on a similar charge that dealt with the same complaining witness.

Accordingly, IT IS ORDERED that the Government's Motion to Amend/Correct Order (Doc. 188) is GRANTED IN PART and DENIED IN PART.

Dated this 16th day of April, 2019.

Brian Morris
United States District Court Judge